IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, ) | C/A No.: 1:16-824-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Tyrone Perry ("Plaintiff"), proceeding pro se, originally filed this matter in the Court of Common Pleas for Richland County, South Carolina. [ECF No. 1-1]. The South Carolina Department of Corrections ("Defendant") removed the action to this court on March 14, 2016. [ECF No. 1]. This matter comes before the court on Plaintiff's motion to remand the case to state court [ECF No. 13]. This matter having been fully briefed [ECF Nos. 15, 17], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, it is recommended that the court grant the motion to remand to the Court of Common Pleas for Richland County, South Carolina.

I.      Factual and Procedural Background

Plaintiff's complaint alleges that Defendant improperly deprived him of his personal property. He alleges that the inmate grievance coordinator failed to process his grievance, "denying [his] 1st Amendment right." [ECF No. 1-1 at 4]. Defendant removed

the case to this court on March 14, 2016, based on alleged federal question jurisdiction. In its notice of removal, Defendant states:

> The above-entitled action is an action for damages brought pursuant to the South Carolina Tort Claims Act and 42 U.S.C. § 1983. The Complaint alleges negligence and gross negligence claims, a violation of the South Carolina Constitution regarding loss of property, and violations of Plaintiff's First Amendment rights under the United States Constitution. Plaintiff's First Amendment claim against employees of Defendant raises a federal question pursuant to 28 U.S.C. § 1331.

ECF No. 1 at 2.

On April 1, 2016, Plaintiff filed a motion to remand, stating:

> The plaintiff objects to the removal of his case. The plaintiff is arguing state statutes and SCDC policy and procedure and the agency's failure to abide by their own rules and regulations which led to the plaintiff's loss. The plaintiff filed grievances and attempted to resolve the matter administratively, but the agency failed to answer in the allotted time allowed per SCDC policy yet making the plaintiff exhaust that remedy. The plaintiff's 1st Amendment claim comes from that failure by SCDC to follow its own grievance procedure which violates state statutes. The plaintiff argues state laws and wishes to proceed in the Court of Common Pleas. So the plaintiff objects to the Notice of Removal by the defendant.

ECF No. 13 at 1.

On April 18, 2016, Defendant filed a response, claiming that, to the best of its ability to construe the allegation and claims brought in Plaintiff's Complaint, it believed Plaintiff asserted a violation of his First Amendment rights against inmate grievance coordinators, who are employees of Defendant. [ECF No. 15 at 2]. Plaintiff has clarified that he did not intend to assert any federal claims in this matter and that he seeks remand of the case to state court. [ECF No. 17].

2

II.     Discussion

    A.     Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

    B.     Analysis

Assuming without deciding that Plaintiff alleged sufficient grounds to have stated a claim under the United States Constitution, it is permissible for a plaintiff to dismiss his federal claims or amend the complaint to remove federal claims and seek remand. *See* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013). Plaintiff has made clear that

his intention is to pursue only state law claims.[1] [ECF Nos. 13, 17]. Therefore, the court interprets his filings as dismissing any federal claims that could be read as contained in his complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se filings should be liberally construed). In *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), the Fourth Circuit upheld a district court's order granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court.

Although the court retains supplemental jurisdiction of state law claims that form part of the same case or controversy as the federal claims, "[a]s a practical matter . . . many district judges will exercise their discretion under the supplemental jurisdiction statute and dismiss the remaining claims." 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013); *see also* 28 U.S.C. § 1367(c). Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F.Supp.2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has

---

[1] As a practical matter, Plaintiff does not have a cognizable federal claim because a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, C/A No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011*); Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

4

been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); *see also AJP Group, Inc. v. Holmes*, C/A No. 4:13-611-RBH, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Complaint states no federal cause of action, the Court finds that the case should be remanded."); *Morris v. Joe Gibson Automotive, Inc.*, C/A No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

Here, the undersigned recommends that the district judge remand this matter to the Court of Common Pleas for Richland County, South Carolina.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Plaintiff's motion to remand. [ECF No. 13].

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

May 13, 2016                                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).